RE: MUNICIPAL CONTRACTS WITH PRIVATE ENTITIES
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF JUNE 15, 1988, REQUESTING INFORMAL ADVICE AS TO THE ABILITY OF A MUNICIPALITY TO ENTER INTO A CONTRACTUAL ARRANGEMENT WITH A PRIVATE, NONPROFIT ORGANIZATION FOR THE PURPOSE OF HELPING TO FUND A CENTER FOR BATTERED WOMEN IN THE MUNICIPALITY. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL LETTER. PLEASE NOTE, IN THIS REGARD, THAT THIS LETTER MAKES NO ATTEMPT TO RESOLVE ANY PARTICULAR FACTUAL CONTROVERSY. SUCH AN EVALUATION WOULD HAVE TO BE PRECEDED BY A DETAILED FACTUAL REVIEW OF THE PROGRAM ACTUALLY BEING CONTEMPLATED AND IS BEYOND THE POWER OF THIS OFFICE TO MAKE. RATHER, THIS LETTER SHOULD BE VIEWED AS INFORMATIONAL IN SCOPE ONLY, AND THE OBSERVATIONS RECITED HEREIN ARE SOLELY THOSE OF THE AUTHOR, AND SHOULD NOT BE MISCONSTRUED AS A FORMAL, BINDING OPINION OF THE ATTORNEY GENERAL.
AS YOU ARE NO DOUBT AWARE, THE OKLAHOMA CONSTITUTION GENERALLY LIMITS THE STATE AND ITS POLITICAL SUBDIVISIONS TO RAISING AND APPROPRIATING TAX MONIES ONLY FOR AREAS THAT SERVE "PUBLIC PURPOSES." OKLA. CONST. ARTICLE X, SECTION 14. THE TERM PUBLIC PURPOSES," IN THIS REGARD, IS SYNONYMOUS WITH THE PHRASE "GOVERNMENT PURPOSES." STATE. EX REL. LACY V. JACKSON, 682 P.2D 218, 221 (OKLA. 1983). IN DETERMINING WHAT CONSTITUTES A "PUBLIC PURPOSE, N THE COURTS WILL GIVE THAT PHRASE A BROAD MEANING, RATHER THAN A RESTRICTIVE ONE, AND IT IS NOT ORDINARILY FOR THE COURTS TO QUESTION WHETHER A PARTICULAR PURPOSE IS A "PUBLIC PURPOSE" OR NOT, SUCH DETERMINATIONS BEING RIGHTFULLY USUALLY LEFT IN THE SPHERE OF LEGISLATIVE ACTION. IN RE INITIATIVE PETITION NO. 319. STATE QUESTION NO. 563, 682 P.2D 222, 224 (OKLA. 1984).
BY THE SAME TOKEN, THERE IS NO REAL CLEAR AND PRECISE LINE WHICH CAN BE DRAWN IN ADVANCE AS TO WHAT CONSTITUTES A LEGITIMATE "PUBLIC PURPOSE. JACKSON, SUPRA, AT 221. HOWEVER, THE COURT HAS RECOGNIZED THAT THERE ARE CERTAIN BASIC FACTORS, THE EXISTENCE OF WHICH (OR LACK THEREOF) MIGHT BE REFERRED TO FOR ASSISTANCE IN RESOLVING ANY GIVEN CASE. ID. THOSE INDICIA HAVE BEEN HIGHLIGHTED BY OUR COURT AS:
 "1. THE ESTABLISHED COURSE AND USAGE OF GOVERNMENT POWER IN THE PAST;
 2. THE OBJECTS FOR WHICH TAXES HAVE BEEN CUSTOMARILY AND BY LONG COURSE OF LEGISLATION LEVIED;
 3. THE OBJECTS OR PURPOSES WHICH HAVE BEEN CONSIDERED NECESSARY TO THE SUPPORT AND FOR THE PROPER USE OF GOVERNMENT, WHETHER AT THE STATE OR MUNICIPAL LEVEL."
TRAVELLING HAND IN HAND WITH ARTICLE X, SECTION 14 ARE THE PROVISIONS OF ARTICLE X, SECTION 17, WHICH FORBID ANY MUNICIPALITY TO APPROPRIATE ANY PUBLIC MONIES FOR THE USE OF ANY PRIVATE CORPORATION, ASSOCIATION OR INDIVIDUAL, AND ARTICLE X, SECTION 15, WHICH FORBIDS SIMILAR STATE FUNDING OF PRIVATE BUSINESS. FUNCTIONALLY, A PURPOSE PROHIBITED UNDER ARTICLE X, SECTION 14 WOULD VIRTUALLY ALWAYS ALSO BE PROHIBITED UNDER ARTICLE X, SECTION 15 AND ARTICLE X, SECTION 17.
A NUMBER OF JUDICIAL DECISIONS RENDERED BY OUR STATE SUPREME COURT HAVE ADDRESSED THE TYPES OF ISSUES THAT YOU RAISE IN YOUR LETTER. EARLY RULINGS OF THE COURT STRONGLY DENOUNCED ANY ATTEMPT BY THE STATE TO PROVIDE FUNDING FOR "PUBLIC PURPOSES" BY TRANSFERRING TAX MONIES TO PRIVATE ENTITIES. VETERANS OF FOREIGN WARS V. CHILDERS, 171 P.2D 618 (OKLA. 1946); AND VETTE V. CHILDERS,228 P. 145 (OKLA. 1925). THIS WAS SO EVEN THOUGH THE PURPOSES BEHIND THE TRANSFERS WERE WITHIN THE REALM OF A LEGITIMATE "PUBLIC PURPOSE." ID. NUMEROUS OPINIONS OF THE ATTORNEY GENERAL ALSO ADVISED IN SIMILAR MANNER.
HOWEVER, IN 1981, IN WAY V. GRAND LAKE ASSOCIATION. INC., 635 P.2D 1010 (OKLA. 1981), THE SUPREME COURT ISSUED A LANDMARK DECISION HOLDING THAT CERTAIN STATE APPROPRIATIONS TO PRIVATE ORGANIZATIONS DID NOT VIOLATE ARTICLE X, SECTION 15 TO THE STATE CONSTITUTION. THE REASONS EXPRESSED BY THE COURT WERE THAT THE APPROPRIATIONS HAD BEEN MADE FOR A LEGITIMATE GOVERNMENTAL PURPOSE (PROMOTION OF ECONOMIC WELFARE OF CITIZENRY) AND WERE MADE, BY STATUTE, THE SUBJECT OF DETAILED REQUIREMENTS AND QUALIFICATIONS, TOGETHER WITH RETAINED GOVERNMENTAL CONTROLS AND SAFEGUARDS. WAY ALSO DISCUSSED THE ISSUE OF WHAT CONSTITUTES A PUBLIC PURPOSE" THUSLY:
 THE TERM "PUBLIC PURPOSE" AS USED IN A CONSTITUTIONAL PROVISION THAT TAXES SHALL BE LEVIED FOR PUBLIC PURPOSES ONLY, IS SYNONYMOUS WITH "GOVERNMENTAL PURPOSE". IT MEANS A PURPOSE AFFECTING THE INHABITANTS OF THE STATE OR TAXING DISTRICT AS A COMMUNITY, AND NOT MERELY AS INDIVIDUALS. THIS DOES NOT MEAN, HOWEVER, THAT A TAX IS NOT FOR A PUBLIC PURPOSE UNLESS THE BENEFITS FROM THE FUNDS TO BE RAISED ARE TO BE SPREAD EQUALLY OVER THE WHOLE COMMUNITY OR A LARGE PORTION THEREOF. A USE MAY BE PUBLIC ALTHOUGH IT IS OF BENEFIT PRIMARILY TO THE INHABITANTS OF A SMALL AND RESTRICTED LOCALITY. MOREOVER, IT IS SAID THAT ANY DIRECT PUBLIC BENEFIT, NO MATTER HOW SLIGHT, AS DISTINGUISHED FROM THOSE PUBLIC BENEFITS OR INTERESTS INCIDENTALLY ARISING FROM PRIVATE ENTERPRISE, WILL SUSTAIN A TAX.
THE TYPE OF FUNDING REVIEWED IN WAY INVOLVED TRANSFERRING STATE MONIES TO VARIOUS LOCALES TO PROMOTE TOURISM IN THOSE AREAS. ANOTHER AREA OF LEGITIMATE STATE FUNDING WAS REVIEWED IN CHILDRENS HOME AND WELFARE ASS'N V. CHILDERS, 171 P.2D 613 (OKLA. 1946), A RULING ISSUED AT THE SAME TIME AS VETERANS OF FOREIGN WARS, SUPRA. IN THIS CASE, THE COURT AFFIRMED THE LEGITIMACY OF A STATE CONTRACT BETWEEN THE BOARD OF PUBLIC AFFAIRS AND A NONGOVERNMENTAL CHILDREN'S HOME FOR THE CARE OF ORPHANS, DESPITE ATTACKS ON THE AGREEMENT BASED ON THE PROVISIONS OF ARTICLE X, SECTION 15.
MOST OF THE JUDICIAL RULINGS THAT ARE OF USE IN REVIEWING YOUR QUESTIONS INVOLVE STATE MONIES. HOWEVER, IN ATTORNEY GENERAL OPINION NO. 86-26, THE ATTORNEY GENERAL RENDERED AN OPINION ADVISING THAT MUNICIPALITIES MAY ENTER INTO CONTRACTS WITH PRIVATE ENTITIES TO PROVIDE SERVICES PROPERLY RELATED TO A GOVERNMENTAL PURPOSE IF THE STATUTORY GUIDELINES FOR THE EXPENDITURE OF MUNICIPAL FUNDS ARE FOLLOWED. I HAVE ENCLOSED A COPY OF THIS OPINION WITH THIS LETTER FOR YOUR INFORMATION AND USE.
ACCORDINGLY, IN LIGHT OF THE RULING IN WAY, AND IN LIGHT OF ATTORNEY GENERAL OPINION NO. 86-026, A MUNICIPALITY DOES HAVE THE ABILITY, GIVEN A PROPERLY DRAFTED AGREEMENT, TO CONTRACT WITH A PRIVATE ENTITY TO PERFORM SERVICES RELATED TO LEGITIMATE PUBLIC PURPOSES." IS THE OFFERING OF PROGRAMS TO AID AND ASSIST VICTIMS OF DOMESTIC ASSAULTS A LEGITIMATE PUBLIC PURPOSE? I THINK SO.
IN RECENT YEARS, THE LEGISLATURE HAS PASSED A NUMBER OF LAWS ADDRESSING THIS AREA. TITLE 22 O.S. 40 THROUGH 22 O.S. 40.3 (1987), ADOPTED IN 1982 INITIALLY, EXPAND THE TRADITIONAL CRIMINAL DEFINITIONS REGARDING RAPE AND FORCIBLE SODOMY TO INCLUDE DOMESTIC VIOLENCE SITUATIONS. SECTION 22 O.S. 40.2 ALSO PROVIDES THAT VICTIMS OF DOMESTIC ABUSE HAVE THE "RIGHT TO BE INFORMED OF FINANCIAL ASSISTANCE AND OTHER SOCIAL SERVICES AVAILABLE AS A RESULT OF BEING A VICTIM, INCLUDING INFORMATION ON HOW TO APPLY FOR THE ASSISTANCE AND SERVICES." THERE IS ALSO A SEPARATE "DOMESTIC ABUSE REPORTING ACT," 22 O.S. 40.5 — 22 O.S. 40.6, AND A "PROTECTION FROM DOMESTIC ABUSE ACT" 22 O.S. 60 — 22 O.S. 60.7 (1987). THE EXTENSIVE DEGREE OF ATTENTION PLACED BY THE LEGISLATURE IN THIS AREA IN THE LAST FEW YEARS IS HEAVILY INDICATIVE THAT PROGRAMS DESIGNED TO ADDRESS THE PROBLEMS ATTENDANT TO DOMESTIC ABUSE SERVE LEGITIMATE "PUBLIC PURPOSES." THE STATE, IN THIS REGARD, HAS INSTITUTED DOMESTIC VIOLENCE ASSISTANCE PROGRAMS, AND I SEE NO REASON WHY A MUNICIPALITY, GIVEN THE PROPER AUTHORIZATION FROM ITS GOVERNING BOARD, AND A PROPERLY OPERATED PROGRAM, COULD NOT ALSO PROVIDE ASSISTANCE IN THIS AREA.
BRINGING THESE VARIOUS TRAINS OF THOUGHT TOGETHER, IT IS MY LEGAL OPINION THAT A MUNICIPALITY MAY, IN ITS DISCRETION, PROVIDE SOME TYPE OF VICTIM ASSISTANCE PROGRAM RELATED TO AIDING THE VICTIMS OF DOMESTIC ABUSE, AND, MAY ALSO PROVIDE SUCH A PROGRAM BY CONTRACTING WITH A PRIVATE ENTITY TO EXTEND SERVICES ON BEHALF OF THE MUNICIPALITY, PROVIDED THAT THE TYPES OF CONCERNS ADDRESSED IN WAY AND ATTORNEY GENERAL OPINION 86-26 ARE MET. WHETHER ANY PARTICULAR PROGRAM, IN FACT, MEETS ALL OF THOSE CONCERNS, I AM FORBIDDEN BY STATE LAW TO COMMENT UPON.
(MICHAEL SCOTT FERN)